IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM H. ANDERSON,<br>**Plaintiff,** | CIVIL ACTION |
| v. | |
| STEP BY STEP, INC.,<br>**Defendant.** | NO. 21-4260 |

## MEMORANDUM OPINION

Defendant Step-by-Step, Inc. moved for summary judgment in this employment discrimination case on March 15, 2022. In response, Plaintiff William H. Anderson moved to "Defer Consideration on Defendant's Motion for Summary Judgment and to Permit Plaintiff to Take Discovery." Plaintiff complains that he "has been denied his fundamental opportunity to challenge the factual basis of [Defendant] Step by Step's decision to terminate his employment" and oppose its Motion because Plaintiff has not been allowed to conduct discovery and receive relevant documents or depose relevant witnesses. Nothing could be further from the truth.

To understand the instant disputes, some procedural background is necessary. Shortly after this matter was removed to this Court on September 27, 2021, a pretrial conference pursuant to Federal Rules of Civil Procedure 16 and 26(f) was scheduled for November 1, 2021. In the notice scheduling the conference, the Parties were instructed to "commence discovery immediately and should not wait until the Rule 16 conference to do so." At the conference, the Court adopted the Parties' jointly proposed schedule and afforded them 120 days to conduct discovery—the deadline for which would be March 1, 2022. In short, the Parties agreed that four months—from October 18, 2021 to March 1, 2022— would be sufficient to conduct discovery, and the Court endorsed that agreement by issuing a scheduling order incorporating their proposed timeline for fact discovery.

1

Nevertheless, both Parties waited until eleven days before the close of the discovery period to even begin making the discovery process and serve requests. On February 18, 2022, Plaintiff noticed seven witnesses for depositions to be held on the last day of discovery, March 1, 2022. Defense counsel could not appear on the date of the noticed depositions because of a conflict with a previously scheduled trial. At a conference with the Court held on March 21, 2022, Plaintiff acknowledged that he had served neither document requests nor interrogatory requests during the discovery period. Defendant also began discovery on or after February 18 but, somehow, managed to complete it by the March 1 deadline.

Three days after Plaintiff's deposition notices were served, on February 21, 2022, the Parties jointly requested a sixty-day extension to all deadlines because "the parties were waiting for the disposition of Defendant's Motion to Dismiss the Amended Complaint" before commencing discovery. They represented that they "commenced discovery" after the issuance of the opinion on December 27, 2021 but could not complete "written discovery and depositions" due to "scheduling issues and delays created by the Covid-19 Omicron variant in January." Notwithstanding the spuriousness of the offered reasons—which were revealed in subsequent communications to this Court—their request was denied because they had not heeded the prior directions in the Notice scheduling the Rule 16 conference requesting them to "commence discovery immediately." Indeed, "[t]ime limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation. . . . [I]gnoring these time limits is intolerable." *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 869 (3d Cir. 1984)

Three weeks after the denial of the Parties' request, on March 14, 2022, which was also after the close of discovery and the day prior to the deadline for motions for summary judgment, Plaintiff filed a discovery dispute letter in which he asked that the Court enter an Order requiring

the Defendant to produce the seven witnesses previously noticed for depositions, and produce certain "essential documents", which had never been the subject of formal requests for document production. *See* Fed. R. Civ. P. 26(b), 34. The next day, per schedule—Defendant filed a motion for summary judgment. It also submitted a response to Plaintiff's discovery dispute letter in which it explained that it had been trying to satisfy Plaintiff's discovery requests even though the deadline had already passed; nevertheless, it objected to entry of the order Plaintiff requested.

A discovery dispute conference was held on March 21, 2022, in which the Court expressed its mystification at the Parties' decision to wait until February 18 to even begin discovery. At the conference, the relief requested in Plaintiff's letter was denied, as was his request for leave to file a motion to compel the requested discovery. The Court recognized that this would make litigating the action and responding to Defendant's Motion for Summary Judgment difficult—but the Parties had made their bed, devoid of almost any discovery, now they had to lie in it.

On April 5, 2022, Plaintiff once again requested the same relief by filing a motion "to defer consideration of Defendant's Motion for Summary Judgment and to permit Plaintiff to take Discovery." Plaintiff's attorney, in this motion, grossly misrepresented his conduct during discovery and repeated the same requests for relief that had been requested and denied twice before.

Plaintiff also represents, through his attorney, that "he was unsuccessful, through no fault of his own, in obtaining discoverable information" and blames the Defendant and this Court for his inability to properly oppose Defendant's motion or litigate this action. The fault lies with no one other than Plaintiff's attorney, Dennis L. Friedman, and his own procrastination. "Litigants ignore [] Court orders at their own peril," *Easley v. Reuberg*, 2021 WL 363973, at *5 (W.D. Pa.

3

July 30, 2021), and must face the consequences for their actions and inaction. Plaintiff must bear responsibility for the conduct of his chosen counsel. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962) (quoting *Smith v. Ayer*, 101 U.S. 320, 326 (1879)) (Where a party "voluntarily chose this attorney as his representative in the action, [] he cannot now avoid the consequences of the acts or omissions of this freely selected agent."). A rule holding otherwise "would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged on the attorney." *Id.* Accordingly, Plaintiff's motion to defer consideration and reopen discovery shall be denied.

Turning next to Defendant's Motion for Summary Judgment, in accordance with the governing scheduling order in this case, Defendant filed its Motion for Summary Judgment on March 15, 2022. Pursuant to this Court's individual policies and procedures, Plaintiff's opposition was due 21 days later, on April 5, 2022. *See* Policies and Procedures of the Honorable Judge Wendy Beetlestone, https://www.paed.uscourts.gov/documents/procedures/beepol.pdf. Plaintiff did not file a response that goes to the merits of Defendant's Motion for Summary Judgment.

To the extent Plaintiff's own Motion to Defer Consideration on Defendant's Motion for Summary Judgment is meant to serve as an opposition, it does not do the job. Rather, it effectively abandons and waives his claims. *See Skirpan v. Pinnacle Health Hosps.*, 2010 WL 3632536, at *6 (M.D. Pa. Apr. 21, 2010). Plaintiff does not contest the merits of any of the arguments raised by Defendant, nor does he identify any genuine issues of material fact which would preclude summary judgment. "[W]here the party opposing a motion for summary judgment bears the ultimate burden of proof, the moving party may discharge its initial burden of

4

showing that there is no genuine issue of material fact by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Player v. Motiva Enters., LLC*, 240 F. App'x 513, 522 n.4 (3d Cir. 2007) (quoting *UPMC Health Sys. v. Metro. Life Ins. Co.*, 391 F.3d 497, 502 (3d Cir. 2004)). "If the moving party has satisfied its initial burden, the nonmoving party must, in their opposition to the motion, identify evidence of record that creates a genuine issue of material fact. . . . The nonmoving party cannot later argue . . . that there is evidence in the record that creates a genuine issue of material fact, if that evidence was not pointed out to the district court at the time of the motion for summary judgment." *Id.* (quoting *Childers v. Joseph*, 842 F.2d 689, 694-95 (3d Cir. 1988)).

To the extent Plaintiff's Motion to Defender is not construed as a response to Defendant's Summary Judgment Motion, the Summary Judgment Motion is unopposed in that Plaintiff has not filed a response in a timely manner. As a preliminary matter, however, a summary judgment motion cannot be granted simply on the basis that it is unopposed. *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991). This is because local rules of court "must be construed and applied in a manner consistent with the Federal Rules of Civil Procedure" which requires a "district court, before granting a summary judgment motion pursuant to a local rule . . . [to] first determine whether summary judgment is appropriate—that is, whether the moving party has shown itself to be entitled to judgment as a matter of law." *Anchorage Assocs. v. V.I. Bd. of Tax Rev.*, 922 F.2d 168, 175 (3d Cir. 1990). The Third Circuit has recognized exceptions to this rule — for example, "[t]here may cases where the failure of a party to oppose a motion will indicate that the motion is in fact not opposed, particularly if the party is represented by an attorney and in that situation the rule may be appropriately invoked. . . . Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be

invoked." *Stackhouse*, 951 F.2d at 30; *see also Hollister v. U.S. Postal Serv.*, 142 F. App'x 576, 577 (3d Cir. 2005) (affirming the district court's treatment of defendant's motion to dismiss as unopposed based on plaintiff's failure to comply with a local rule.).  Here, Plaintiff was admonished several times at the March 21, 2022 conference with this Court that he must comply with its Orders and the governing Scheduling Order in this case, and that any further failures will not be tolerated.  Consequently, it would be appropriate to grant Defendant's motion without a merits analysis.

But in any event, the merits of Defendants also warrant entry of summary judgment.  Where a party has not opposed a motion for summary judgment, the opponent should be deemed to waive his "right to controvert the facts asserted by the moving party in the motion for summary judgment or the supporting material accompanying it." *Anchorage Assocs.*, 922 F.2d at 175.  Plaintiff's claim of national origin discrimination under Title VII of the Civil Rights of 1964, 42 U.S.C. § 200e, *et seq.*, is governed by the tripartite burden-shifting framework articulated by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1972).  Under this test, a Plaintiff must first establish a prima facie case of discrimination, then the Defendant must articulate "some legitimate, nondiscriminatory reason" for the termination, and finally, the plaintiff must prove that Defendant's legitimate reasons are a pretext for discrimination.  *See Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 410 (3d Cir. 1999).  In its Motion for Summary Judgment, Defendant provides arguments for each of the three phases of the framework.  Ultimately, Defendant's proffered legitimate nondiscriminatory reasons for Plaintiff's termination—that it relied on a Certified Investigator's conclusions that a patient was injured because of Plaintiff's negligent care—and Plaintiff's failure to show that this reason is pretextual, warrant entry of summary judgment in Defendant's favor.  *See Fuentes v. Perskie*, 32

F.3d 759, 766 (3d Cir. 1994) (affirming entry of summary judgment where Plaintiff "ha[d] not succeeded in throwing enough doubt on any of [Defendant's] explanations so that a rational factfinder could reject it."). Accordingly, Defendant's Motion shall be granted.

An appropriate order follows.

**BY THE COURT:**

**/s/Wendy Beetlestone, J.**

_____
**WENDY BEETLESTONE, J.**
